**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRYSSOULA MARINOS ARSENIS,

Plaintiff,

v.

HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,

Defendant.

Civil Action No. 24-4513 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Horizon Blue Cross Blue Shield of New Jersey's ("Defendant") Motion to Dismiss (ECF No. 17) Plaintiff Chryssoula Marinos Arsenis's ("Plaintiff") Amended Complaint (ECF No. 15). Plaintiff opposed (ECF No. 20), and Defendant replied (ECF No. 21). After careful consideration of the parties' submissions, the Court decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, Defendant's Motion to Dismiss is granted.

## I.    BACKGROUND[1]

Plaintiff, a New Jersey resident, is a licensed speech-language pathologist and owner of Speech & Language Center, LLC, which assists individuals with autism and other neurobiological

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

disorders.[2] (Am. Compl. *6, *25, *32, ECF No. 15.)[3] During federal court proceedings concerning another matter, Defendant purportedly made statements concerning Plaintiff's professional conduct.[4] (*Id.* at *8.) For example, Plaintiff asserts that Defendant alleged, among other things, fraudulent billing practices, professional misconduct, fraud, and incoherence. (*Id.*) These statements were then disseminated to the public through federal court filings and/or federal court proceedings. (*Id.* at *8, *16.) Plaintiff has attempted to address the nature of Defendant's statements, but Defendant has not retracted or corrected its statements. (*Id.* at *12.) As a result of these statements, Plaintiff has purportedly suffered financial losses, reputational damage, disruption to her professional and business opportunities, emotional distress, and humiliation. (*Id.* at *5, *10.)

On April 3, 2024, Plaintiff filed the instant action. (ECF No. 1.) Defendant moved to dismiss Plaintiff's original complaint (ECF No. 6), which this Court granted (Nov. 2024 Order 1-2, ECF No. 14). In its November 14, 2024 Order ("November 2024 Order"), the Court dismissed Plaintiff's original complaint because Plaintiff failed to state a "Defamation Per Se" claim under 28 U.S.C. § 4101. (*Id.*) The Court further explained that "to the extent Plaintiff intend[ed] to bring a claim under Section 4101 merely to acquire a federal court's jurisdiction for the adjudication of a state law defamation claim, . . . this Court does [not] have jurisdiction over the underlying defamation claim because it does not contain a federal question and the parties are not diverse." (*Id.* at 2 n.2.) The Court also rejected Plaintiff's contention that this Court had federal question subject-matter jurisdiction merely because Plaintiff asserted that the purported defamation

---

[2] "Speech & Language Center, LLC" is not a named plaintiff in the instant action. (*See generally* Am. Compl.)

[3] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[4] Plaintiff, however, does not specify the content of these statements. (*See generally* Am. Compl.)

statements occurred in federal court or during federal court proceedings. (*Id.*) The Court then granted Plaintiff thirty days to file an amended complaint, which Plaintiff did. In the Amended Complaint, Plaintiff now asserts three claims against Defendant: (1) defamation (Count One); (2) intentional infliction of emotional distress (Count Two); and (3) tortious interference (Count Three). (Am. Compl. *24-28.) Defendant again moves to dismiss under Federal Rules of Civil Procedure[5] 12(b)(1) and (6). (Def.'s Moving Br., ECF No. 17.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 20), and Defendant replied (Def.'s Reply Br., ECF No. 21).

## II.    <u>LEGAL STANDARDS</u>

### A.    **Rule 12(b)(1)—Subject-Matter Jurisdiction**

At any time, a defendant may move to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1), (h)(3). "A motion to dismiss . . . for lack of subject[-]matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "A facial [Rule] 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted).

### B.    **Rule 12(b)(6)—Failure to State a Claim**

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the

---

[5] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    DISCUSSION

In moving to dismiss, Defendant argues that: (1) this Court lacks subject-matter jurisdiction; and (2) the Amended Complaint fails to state a claim for relief. (*See generally* Def.'s Moving Br.) Because subject-matter jurisdiction is a threshold issue, the Court addresses it first.

**A.    Rule 12(b)(1)—Subject-Matter Jurisdiction**

In moving to dismiss, Defendant argues that this Court lacks subject-matter jurisdiction because: (1) it lacks diversity or federal question jurisdiction; and (2) Plaintiff lacks standing. (*See generally id.*)

### 1.    *Diversity Jurisdiction*

The Court begins by assessing whether this Court has diversity jurisdiction. Under 28 U.S.C. § 1332, a district court has diversity subject-matter jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States[.]"

At the outset, the Court notes that there is no dispute among the parties that Plaintiff satisfies the amount in controversy requirement and that Plaintiff is a citizen of New Jersey. (*See generally* Def.'s Moving Br.; *see also* Pl.'s Opp'n Br.) Squarely at issue—for diversity jurisdiction—is thus whether Defendant's principal place of business creates complete diversity, allowing this Court to properly exercise diversity jurisdiction. *See* 28 U.S.C. § 1332 (requiring complete diversity of citizenship, i.e., all plaintiffs are diverse from all defendants); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). For the purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). When dealing with a corporation that is a subsidiary of a larger entity, "a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business." *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972) (citation omitted).

The Court need not dwell on Plaintiff's attempt to invoke this Court's diversity jurisdiction. Plaintiff, as the party asserting diversity jurisdiction, has the burden of establishing by "competent proof" that Defendant's principal place of business is in Delaware. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). In an effort to invoke this Court's diversity jurisdiction, Plaintiff, in her Amended Complaint, asserts that "Defendant . . . is wholly owned by (Horizon Operating Holdings, Inc.) [("HOH"), and it] is incorporated in Delaware."[6] (Am. Compl. *6-7.) Because HOH owns Defendant, Plaintiff asserts that diversity of citizenship exists based on HOH's citizenship. (*See id.*) It is well established in the Third Circuit that "a parent corporation maintains separate citizenship from a subsidiary unless it has exerted such an overwhelming level of control over the subsidiary that the two companies do not retain separate corporate identities." *SmithKline Beecham Corp.*, 724 F.3d at 351 (citing *Quaker State Dyeing & Finishing Co.*, 461 F.2d at 1142). Where, as here, Plaintiff fails to allege any facts to suggest that Defendant exerted such overwhelming control, the Court is unable to conclude that HOH's citizenship is imputed to Defendant.[7] *See Berndt v. Heyco Prods. Corp.*, No. 22-1300, 2023 WL 4135005, at *4 (D.N.J. June 22, 2023) (finding that the party asserting diversity jurisdiction failed to establish that a parent corporation maintained the same citizenship as a subsidiary corporation because it did not show that the parent corporation "exerted such an overwhelming level of control over the subsidiary that the two companies d[id] not retain separate corporate identities" (citation omitted)); *see also*

---

[6] Notably, Plaintiff's original complaint asserted that Defendant "is a New Jersey [c]orporation with its [p]rincipal [p]lace of [b]usiness in New Jersey at Horizon 3 Penn Plaza Newark[,] N[.]J[.] 08801." (Compl. *7, ECF No. 1.) Plaintiff, in her Amended Complaint, has since abandoned that assertion. (*See generally* Am. Compl.)

[7] Moreover, even assuming that HOH's citizenship were to be imputed to Defendant, it is unclear to the Court what state HOH's principal place of business is located in. *See* 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of every state in which it is incorporated *and* every state in which it has its principal place of business).

*Schiano v. MBNA*, No. 05-1771, 2019 WL 13167721, at *2 (D.N.J. Aug. 9, 2019) ("Plaintiffs have not alleged in any detail that [defendant] did not have its own separate identity, nor is it clear from [p]laintiffs' submission that the location of its corporate headquarters or state of incorporation changed by virtue of the . . . acquisition."). Accordingly, Plaintiff fails to establish that diversity of citizenship exists.[8]

### 2.    *Federal Question*

The Court next considers whether federal question jurisdiction exists. Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether a case 'arises under' federal law, a court must look to the allegations of the plaintiff's 'well-pleaded complaint.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)); *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) ("Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." (citation omitted)).

Here, the Court finds that Plaintiff fails to adequately plead that this Court has federal question jurisdiction. In the Amended Complaint, Plaintiff alleges claims against Defendant for defamation, intentional infliction of emotional distress, and tortious interference. (Am. Compl. *24-29.) These claims, however, arise from New Jersey tort law and thus do not arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Recognizing such, Plaintiff seemingly seeks to transform these three causes of action into a federal question by contending that the gravamen of her Amended Complaint—the allegedly defamatory

---

[8] The Court also notes that, in its November 2024 Order, it had already found that the parties were not diverse. (Nov. 2024 Order 2 n.2.)

statements—occurred in a federal court or in federal court filings. (*See* Am. Compl. *7-8.) The Court, in its November 2024 Order, already rejected this contention.[9] The Court sees no reason to disturb its previous finding.[10]

Undeterred, Plaintiff, in her Amended Complaint, attempts a new theory to invoke this Court's federal question jurisdiction. (*See generally* Am. Compl.) Plaintiff asserts that the purported defamatory statements impacted "her professional work [in] assisting individuals with autism and other neurobiological disorders." (*See id.* *24-25.) Plaintiff then goes on to assert that this Court has federal question jurisdiction because her professional work requires "advocacy and association with individuals [that] are protected under the Americans with Disabilities Act [("ADA")]." (*Id.*) The Amended Complaint, however, does not set forth an ADA claim. (*See generally id.*) Instead, Plaintiff seemingly mentions the ADA in a desperate attempt to exercise this

---

[9] The Court explained that "Plaintiff d[id] not provide, and the Court could not find, any case law to support the assertion that where a defendant is defamed within the physical confines of a federal court or during federal court proceedings, that federal jurisdiction attaches." (Nov. 2024 Order 2 n.2.) The same rings true here.

[10] Plaintiff also asserts that Defendant's "actions implicate federal questions concerning due process and equal protection under the Fifth [and Fourteenth] Amendment[s] to the U.S. Constitution, as [she] has been subjected to defamatory accusations without proper recourse or protection." (Am. Compl. *9.) Plaintiff, nevertheless, fails to demonstrate how her state causes of action are somehow transformed into federal causes of action. Moreover, while Plaintiff asserts various rights deriving from the United States Constitution in the Amended Complaint, she fails to include factual allegations for this Court to infer that Defendant's conduct violated those constitutional rights. Mere references to the U.S. Constitution, without more, is insufficient to confer subject-matter jurisdiction. *See, e.g.*, *Hillman v. Borough of Collingdale*, No. 22-2260, 2023 WL 2400740, at *2 (3d Cir. Mar. 8, 2023) (finding that the plaintiff's "vague, conclusory allegations" were insufficient to establish subject-matter jurisdiction, and that plaintiff's "passing references to § 1983 [do not form a basis for subject-matter jurisdiction] as he makes no factual allegations that could conceivably suggest that his federal constitutional rights were violated"); *Kalick v. United States*, 35 F. Supp. 3d 639, 646 (D.N.J. 2014), *aff'd*, 604 F. App'x 108 (3d Cir. 2015) (finding that the plaintiff's assertion of "legal conclusions, unsupported by facts, that his due process rights were violated" was insufficient to confer subject-matter jurisdiction).

Court's federal question jurisdiction. The Court is unpersuaded.[11] As such, the Court finds that Plaintiff has failed to establish that this Court has federal question jurisdiction. Because the Court lacks subject-matter jurisdiction, the Court dismisses Plaintiff's Amended Complaint.[12]

**B.      Rule 12(b)(6)—Failure to State a Claim**

Because Plaintiff has failed to establish that this Court has subject-matter jurisdiction, the Court need not address Defendant's remaining arguments under Rule 12(b)(6). *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)).

**IV.    CONCLUSION**

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[11] Plaintiff does not plead an ADA claim; rather, she presumably includes a reference to the ADA in an effort to obtain subject-matter jurisdiction. (*See generally* Am. Compl.) On the face of the Amended Complaint, there is no suggestion that any individual has been discriminated against by Defendant's actions. Further, the Amended Complaint is devoid of any allegations that Plaintiff suffers from any disability or that she was discriminated against based on that disability. Moreover, Plaintiff fails to identify any cases that support the proposition that her state-law claims transform into a federal question under her theory.

[12] Since the Court lacks diversity and federal question jurisdiction, the Court declines to address Defendant's arguments as they pertain to standing.