NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRYSSOULA MARINOS ARSENIS,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Civil Action No. 24-4513 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

SHIPP, District Judge

This matter comes before the Court upon Defendant Horizon Blue Cross Blue Shield of New Jersey's ("Defendant") Motion to Dismiss (ECF No. 26) Plaintiff Chryssoula Marinos Arsenis's ("Plaintiff") Second Amended Complaint (the "SAC") (ECF No. 24). Plaintiff opposed (ECF No. 29), and Defendant replied (ECF No. 30). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendant's Motion to Dismiss is granted.

I.      BACKGROUND

A.      Factual Background[1]

Plaintiff, a New Jersey resident, is a licensed speech-language pathologist who works with individuals with autism and other neurobiological disorders. (SAC 8, 15, ECF No. 24.) Defendant is an insurance company "conduct[ing] substantial insurance operations in New Jersey[.]" (*Id.* at 9.) During court proceedings for another matter, Plaintiff alleges that Defendant "made false and

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the SAC as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

malicious statements about Plaintiff's character and conduct — including accusations of fraud, professional misconduct, and incoherence — which have severely damaged Plaintiff's professional reputation, emotional well-being, and financial standing." (*Id.* at 3, 15.) These statements were disseminated to the public via "court filings and proceedings . . . and were further disseminated to third parties in the healthcare industry." (*Id.* at 16.) Defendant has not retracted or tried to correct its statements. (*Id.* at 28.) As a result of these statements, Plaintiff alleges that she has suffered financial losses, reputational damage, disruption to her professional and business opportunities, emotional distress, and humiliation. (*Id.* at 24-28, 39.)

### B.    Procedural Background

On April 3, 2024, Plaintiff filed the instant action. (Compl., ECF No. 1.) Defendant moved to dismiss the original Complaint (Mot. to Dismiss Compl., ECF No. 6), which this Court granted (Nov. 2024 Order 1-2, ECF No. 14). Plaintiff subsequently filed an Amended Complaint (Am. Compl., ECF No. 15), which Defendant moved to dismiss (Mot. to Dismiss Am. Compl., ECF No. 17). In July 2025 (the "July 2025 Opinion"), the Court again granted Defendant's motion, finding that the Court did not have jurisdiction because the parties were not diverse and the Court lacked federal question jurisdiction. (July 2025 Op., ECF No. 22; July 2025 Order, ECF No. 23.) The Court provided Plaintiff another opportunity to amend her complaint. (July 2025 Order.)

On August 28, 2025, Plaintiff filed the SAC, alleging five causes of action: (1) retaliation under the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12203 ("Count I"); (2) associational discrimination under the ADA ("Count II"); (3) violation of due process and equal opportunity under 42 U.S.C. § 1983 ("Count III"); (4) conspiracy to interfere with civil rights ("Count IV"); and (5) defamation per se ("Count V"). (*See generally* SAC.) On September 26,

2

2025, Defendant moved to dismiss the SAC. (Mot. to Dismiss SAC, ECF No. 26.) Plaintiff

opposed (Pl.'s Opp'n Br., ECF No. 29) and Defendant replied (Def.'s Reply Br., ECF No. 30).

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure[2] 8(a)(2) "requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under

Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must

identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675

(2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept

them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare

legal conclusions or factually unsupported accusations that merely state the defendant unlawfully

harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court

must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show

that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556

U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a

Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    DISCUSSION

Defendant argues that: (1) Counts I through IV should be dismissed for failure to state a claim upon which relief can be granted; and (2) Count V should be dismissed because the Court lacks subject matter jurisdiction and Plaintiff otherwise fails to state a claim upon which relief can be granted. (*See generally* Def.'s Moving Br., ECF No. 26-1.) As discussed below, the Court agrees that dismissal of all claims is warranted.

### A.    Count I

Plaintiff brings a claim under the ADA retaliation provision alleging that Defendant "publicly and falsely accused Plaintiff of fraudulent billing practices/incompetence incoherence [*sic*] in her disability-related work[.]" (SAC 31.) Defendant argues that Count I should be dismissed because "the SAC fails to allege that Plaintiff engaged in some protected conduct, such as filing a complaint against [Defendant] over an illegal act, or that Plaintiff suffered some adverse employment action by [Defendant] because of this protected conduct." (Def.'s Moving Br. 15.)

The ADA's anti-retaliation provision provides in relevant part that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA.]" 42 U.S.C. § 12203(a). Moreover, the ADA makes it "unlawful to coerce, intimidate, threaten, or interfere with any individual" exercising rights protected under the ADA. 42 U.S.C. § 12203(b). To allege a retaliation claim under the ADA, "[a] plaintiff must allege that[:] (1) [s]he engaged in protected conduct (i.e.[,] made a complaint against an employer for a perceived violation of the ADA); (2) [s]he suffered an adverse . . . action by the defendant; and (3) there is a causal relationship

4

between them." *Griffith v. Ciox Health*, No. 23-20513, 2025 WL 1080733, at *6 (D.N.J. Apr. 10, 2025) (first citing *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001); and then citing *Bauer v. Ctr. for Animal Health & Welfare*, No. 24-4744, 2024 WL 4137321, at *2 (E.D. Pa. Sep. 10, 2024)). "A plaintiff need not be 'disabled' under the ADA to prevail on a retaliation claim." *Stouch v. Township of Irvington*, 354 F. App'x 660, 667 (3d Cir. 2009) (citation omitted).

Here, Plaintiff alleges that Defendant targeted her "because of her known advocacy for disabled clients" in connection with "[Defendant's] unlawful practices" and now argues that her general advocacy for such individuals constitutes protected activity. (SAC 4, 31; Pl.'s Opp'n Br. 10.) Plaintiff, however, provides no support for her position that generalized "advocacy" or complaints constitute protected activity. (*See generally* Pl.'s Opp'n Br.) The Court finds that the SAC's general allegations are not sufficient to allege a protected activity. *See, e.g., Saffer v. Bechtel Marine Propulsion Corp.*, No. 19-25, 2020 WL 5363322, at *10 (W.D. Pa. Sep. 8, 2020) ("General complaints about unfair treatment do not constitute protected activity." (first citing *Brown v. Nat'l Penn Ins. Servs. Grp.*, 614 F. App'x 96, 99 (3d Cir. 2015); and then citing *Paradisis v. Englewood Hosp. Med. Ctr.*, 680 F. App'x 131, 138 (3d Cir. 2017)).

Moreover, Plaintiff also fails to allege any facts regarding how Defendant's decision to bring a lawsuit against Plaintiff in a separate matter was an adverse action that was causally connected to her advocacy of disabled clients. *See Griffith*, 2025 WL 1080733, at *6. Without more, Plaintiff fails to adequately allege a retaliation claim under the ADA.

Count I is, accordingly, dismissed.

**B.    Count II**

Plaintiff next brings an associational discrimination claim under the ADA. (SAC 32-33.) Defendant argues that this claim should be dismissed because the claim is "utterly inapplicable" to Plaintiff and her allegations because "the SAC fails to allege that [Plaintiff] was eligible for a job or an employment-related benefit with [Defendant]." (Def.'s Moving Br. 16-17.)

The ADA's association provision prohibits a "covered entity" from "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). The ADA defines "covered entity" to mean "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). The elements of an associational discrimination claim are:

> (1) the plaintiff was "qualified" for the job at the time of the adverse employment action; (2) the plaintiff was subjected to [an] adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; [and] (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.

*Hogan v. Fid. Brokerage Servs., LLC*, No. 22-6759, 2025 WL 834785, at *11 (D.N.J. Mar. 17, 2025) (second alteration in original) (quoting *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 83 (3d Cir 2019)).

Here, Plaintiff alleges that, "assuming an employment-type relationship," "Defendant's false statements target Plaintiff precisely because of her known relationship with individuals who have autism and related disabilities, effectively seeking to exclude her from the profession and benefits she would otherwise have." (SAC 32.) In opposition to Defendant's motion to dismiss, Plaintiff concedes that "Plaintiff was not [Defendant's] employee, [but Defendant] did have a business relationship with Plaintiff . . . as a participating provider or as someone whose services

6

[Defendant] paid for on behalf of insureds." (Pl.'s Opp'n Br. 16.) Plaintiff further argues that, "[g]iven the novelty of applying § 12112(b)(4) outside a standard employment setting, the prudent course is to allow the claim to proceed . . . ." (*Id.* at 18.)

The statute, however, is clear that § 12112(b)(4) applies to "covered entities." 42 U.S.C. § 12112(b)(4). Plaintiff has not alleged any facts that could plausibly establish that Defendant is an "employer, employment agency, labor organization, or joint labor-management committee." (*See generally* SAC); 42 U.S.C. § 12111(2). Because Plaintiff has not adequately alleged that Plaintiff and Defendant have an employee/employer relationship or that Defendant took an "adverse employment action," her claim must fail. *See, e.g., Bowie v. Costco Wholesale Corp.*, No. 16-5808, 2019 WL 3283045, at *8 (D.N.J. July 22, 2019) ("Under 42 U.S.C. § 1112(b)(4) of the ADA, *an employer* is prohibited from discriminating against *an employee* . . . ." (emphasis added)); *Hogan*, 2025 WL 834785, at *11 ("Courts have determined that, to satisfy the fourth element of an associational discrimination claim, a plaintiff must demonstrate that the adverse employment decision was based on 'unfounded stereotypes and assumptions arising from the employee['s] relationship[]' with a disabled individual." (alterations in original) (citation omitted)).

Count II is, accordingly, dismissed.

## C.    Count III

Plaintiff's next claim alleges a violation of her due process and equal protection rights pursuant to 42 U.S.C. § 1983 based on allegations that "Defendant's actions deprived Plaintiff of a protected liberty interest in pursuing her chosen occupation." (SAC 33 (emphasis omitted).) Defendant argues that this claim should be dismissed because "the SAC utterly fails to set forth the requisite elements of a § 1983 claim; namely, that [Defendant] was 'acting under the color of

state law' when it allegedly deprived [Plaintiff] of 'a federally protected right.'" (Def.'s Moving Br. 18 (quoting *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)).)

Section 1983 operates as the procedural vehicle by which a plaintiff may bring a claim for violation of constitutional rights in federal court. *See* 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). There is "no simple line between states and private persons" so courts look to whether "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). In answering that question,

> [the Third Circuit has] outlined three broad tests generated by the Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citation modified).

Here, Plaintiff alleges that "[b]y making false and malicious statements in federal filings connected to [Defendant's role as a delegated administrator of health insurance programs], [Defendant] engaged in conduct fairly attributable to the [f]ederal [g]overnment." (SAC 33.) Such conduct cannot be "fairly attributable to the State[,]" *see Lugar*, 457 U.S. at 937, and Plaintiff does not otherwise allege any facts to suggest that Defendant engages in activity that could be attributed

8

to the State (*see generally* SAC). For at least this reason, Plaintiff does not adequately allege a § 1983 claim. *See, e.g.*, *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 931 (3d Cir. 2011) ("As the District Court noted, the defendants are not state actors. The alleged misconduct of [the insurance company defendant] and its attorneys and adjustor . . . is not fairly attributable to the state."); *Prater v. Liberty Mut. Ins. Co.*, 443 F. Supp. 3d 586, 589 (E.D. Pa. 2020) ("Nothing in the [c]omplaint suggests that any of the [d]efendants[, including the insurance company defendants,] could be considered state actors so there is no basis for a § 1983 claim against them."); *Trainor v. Overmyer*, No. 20-260, 2021 WL 5770215, at *3 (W.D. Pa. Dec. 6, 2021) (noting that insurance company was not state actor and "investigation of a private insurance claim by an insurer" did not involve state activity" (citing *Leshko*, 423 F.3d at 340)); *Torres v. County of Essex*, No. 17-7169, 2018 WL 5729911, at *5 (D.N.J. Nov. 2, 2018) ("[The plaintiff] has not indicated any basis for holding a private insurance company liable, under § 1983 or otherwise. Indeed, the Supreme Court has indicated that insurance companies, even when processing claims under state statutory regimes, are not considered state actors or to be acting under color of state law, and thus may not be sued under § 1983." (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-58 (1999))).

Count III is, accordingly, dismissed.

**D.    Count IV**

Plaintiff's next claim alleges a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3) and is premised upon allegations that Defendant, "acting through its executives, attorneys, and affiliated entities, entered into an agreement and understanding to injure Plaintiff by disseminating false and defamatory statements regarding her professional conduct." (SAC 35.) Defendant argues that dismissal is appropriate because Plaintiff fails to allege: (1) "any non-employee, non-agent individuals with whom [Defendant] allegedly conspired"; (2) "any

9

intent to deprive [Plaintiff] of some equal protection or equal privileges/immunities based on racial or other class-based discriminatory animus"; and (3) "that [Plaintiff] was deprived of a right or privilege of a United States citizen." (Def.'s Moving Br. 21.)

Section 1985 provides a cause of action against "two or more persons . . . [who] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985(3). To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).

Here, the SAC generally alleges that: (1) Defendant, "acting through its executives, attorneys, and affiliated entities, entered into an agreement and understanding to injure Plaintiff by disseminating false and defamatory statements regarding her professional conduct"; (2) "[a]t least two or more individuals acted jointly and in concert in furtherance of this conspiracy"; and (3) "[t]he conspiracy was motivated by class-based, invidiously discriminatory animus against Plaintiff due to her association with individuals with autism and other disabilities." (SAC 35-36.) Plaintiff, however, does not identify any co-conspirators. (*See generally* SAC.) In fact, Plaintiff

also notes in opposition to Defendant's motion that she "can *likely* identify at least one co-conspirator[.]" (Pl.'s Opp'n Br. 30 (emphasis added).) Beyond conclusory allegations, Plaintiff has also failed to identify or allege Defendant's intent to deprive Plaintiff of her equal protection or equal privileges and immunities. (*See generally* SAC.) Moreover, Plaintiff alleges that Defendant's actions impacted her "right to pursue her chosen profession free from malicious and discriminatory inference[,]" but such an alleged impact does not appear to constitute a legal harm stemming from the deprivation of equal protection or equal privileges and immunities.[3] (SAC 37); *Dondero v. Lower Milford Township*, 5 F.4th 355, 362 n.1 (3d Cir. 2021) ("The conspiracy . . . claim[] fail[s] because of the lack of a legal harm." (citations omitted)). Plaintiff has, therefore, not adequately alleged a conspiracy claim pursuant to 42 U.S.C. § 1985(3).

Count IV is, accordingly, dismissed.

**E.    Count V**

Lastly, Plaintiff brings a claim of defamation per se, alleging that Defendant "knowingly published false statements about Plaintiff in written filings submitted in federal litigation." (SAC 37.) Defendant argues that dismissal is warranted because: (1) if Counts I – IV are dismissed, the SAC fails to provide any grounds for subject matter jurisdiction over this claim; and (2) even if the Court has subject matter jurisdiction, "the alleged defamatory statements fall within the absolute litigation privilege" and Plaintiff otherwise fails to adequately allege a defamation per se claim. (Def.'s Moving Br. 22-40.) In its July 2025 Opinion, the Court previously dismissed Plaintiff's defamation per se claim because the Court lacked subject-matter jurisdiction. (*See* July

---

[3] Notably, Plaintiff does not cite any case law which suggests otherwise. (*See generally* Pl.'s Opp'n Br.)

2025 Op. 4-9.) For the reasons noted below, the Court finds once again that Plaintiff's defamation per se claim should be dismissed for lack of subject-matter jurisdiction.

### 1.    *Federal Question*

Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether a case 'arises under' federal law, a court must look to the allegations of the plaintiff's 'well-pleaded complaint.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983)); *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) ("Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." (citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002)).

Here, as discussed above, the Court dismissed Plaintiff's four other claims, leaving only Plaintiff's defamation per se claim remaining from the SAC. (*See generally* SAC.) Although Plaintiff titles Count V as "Defamation Per Se (Federal Common Law; 28 U.S.C. § 4101 as definitional support)[,]" (*see* SAC 37), such a claim arises from New Jersey tort law,[4] and thus does not arise "under the Constitution, laws, or treaties of the United States[,]" *see* 28 U.S.C. § 1331; *Navatier v. CareOne*, No. 13-3992, 2013 WL 6095464, at *3 (D.N.J. Nov. 19, 2013) (noting that "nothing on the face of the [c]omplaint intimates a federal dispute in a manner sufficient to implicate this Court's 28 U.S.C. § 1331 'arising under' jurisdiction" where one such claim at issue was a defamation per se claim); *Franklin Armory, Inc. v. New Jersey*, No. 19-19323,

---

[4] Plaintiff also admits that this is a state law claim. (*See* Pl.'s Opp'n Br. 37 ("Although this is a state-law tort claim . . . .").)

12

2021 WL 222808, at *9 (D.N.J. Jan. 22, 2021) (holding that "[p]laintiff's state law claim[] for . . . defamation per se . . . [is] dismissed").

Because the Court does not have federal question jurisdiction over Plaintiff's Count V, the Court next considers whether it has diversity jurisdiction.

### 2.    *Diversity Jurisdiction*

A district court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. For the purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

In its July 2025 Opinion, the Court found that Plaintiff failed to establish that diversity of citizenship existed because both Plaintiff and Defendant are citizens of New Jersey, and Plaintiff did not adequately plead facts that could establish that the citizenship of Defendant's parent company could be imputed upon Defendant based upon the parent company's "overwhelming control" of Defendant.[5] (July 2025 Op. 5-7.) Now, in an attempt to address the deficiencies identified by this Court, Plaintiff admits that Defendant "conducts substantial insurance operations in New Jersey" but further states its "nerve center" is Delaware, "where Horizon Operating Holdings, Inc.[('HOH')]—its direct parent company incorporated in Delaware—houses the

---

[5] "[T]he Court notes that there is no dispute among the parties that Plaintiff satisfies the amount in controversy requirement and that Plaintiff is a citizen of New Jersey." (July 2025 Op. 5 (citations omitted); *see also* SAC 9-10 (alleging that "Plaintiff . . . is a natural person domiciled in Warren, New Jersey, and is a citizen of New Jersey" and that "Plaintiff seeks damages in excess of $100,000,000.00").)

13

executive offices and corporate decision-makers responsible for [Defendant's] strategic and financial management."[6] (SAC 9.)

"The Court[, once again,] need not dwell on Plaintiff's attempt to involve this Court's diversity jurisdiction." (July 2025 Op. 6.) "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (citations omitted). As a result, "[w]hen challenged on allegations of jurisdictional facts, the [plaintiff] must support [her] allegations by competent proof." *Id.* (citations omitted). Moreover, it is "well-established . . . that a parent corporation maintains separate citizenship from a subsidiary unless it has exerted such an overwhelming level of control over the subsidiary that the two companies do not retain separate corporate identities." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 351 (3d Cir. 2013) (citations omitted).

Here, the SAC makes general, formulaic allegations regarding the parent-subsidiary relationship HOH has with Defendant, and Plaintiff does not otherwise allege facts or present evidence in opposition to Defendant's motion to even suggest HOH has "such an overwhelming level of control over [Defendant.]" (*See generally* SAC; Pl.'s Opp'n Br.); *SmithKline Beecham Corp.*, 724 F.3d at 351; *Berndt v. Heyco Prods. Corp.*, No. 22-1300, 2023 WL 4135005, at *4 (D.N.J. June 22, 2023) (finding party asserting diversity jurisdiction failed to meet its burden because it failed to show that the parent corporation "exerted such an overwhelming level of control over the subsidiary that the two companies d[id] not retain separate corporate identities"

---

[6] The SAC also now alleges that "Defendant Horizon Healthcare Services, Inc. (doing business as [Defendant]) is incorporated in Delaware." (SAC 9.) Horizon Healthcare Services, Inc., however, is not the named Defendant in this matter. (*See* SAC 1 (naming Defendant as "Horizon Blue Cross Blue Shield of New Jersey").)

14

(citing *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972)).

Plaintiff, therefore, has failed to establish that diversity jurisdiction exists.[7] Because the Court lacks subject-matter jurisdiction over the sole remaining claim, Count V,[8] the Court dismisses the SAC.

## IV.    **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is granted.[9] The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 28, 2026

_____

[7] The Court notes that it found that the parties were not diverse in two prior decisions as well. (*See* Nov. 2024 Op. 2 n.2; July 2025 Op. 7-9.)

[8] Because the Court finds that it lacks subject matter jurisdiction, it need not reach Defendant's arguments related to whether Plaintiff adequately states a claim for defamation per se.

[9] Because the Court is dismissing Count V for lack of subject matter jurisdiction, the Court's dismissal will be without prejudice. *See Aldossari ex rel. Aldosarri v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022). The Court will, however, caution Plaintiff that it has now thrice found a lack of diversity jurisdiction in this matter. If Plaintiff elects to move forward, she must either adequately allege a cause of action that provides the Court with federal question jurisdiction or must provide adequate, non-conclusory allegations to impute Defendant's parent company's citizenship on Defendant.

15